IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 10-cv-01529-CMA-KLM

FARSHAD F. JADIDIAN,

    Plaintiff,

v.

JP MORGAN CHASE BANK, N.A.,

    Defendant.

---

**ORDER DIRECTING PLAINTIFF TO FILE AN AMENDED COMPLAINT
AND AMENDED MOTION**

---

This matter is before the Court *sua sponte*.

On June 29, 2010, Plaintiff Farshad F. Jadidian filed an Original Petition (Complaint) (Doc. # 1), Petition (Motion) for Temporary Injunction (Doc. # 2), and Petition (Motion) for Temporary Restraining Order (Doc. # 3), all seeking the Court's assistance to block a foreclosure sale.

Upon an initial review, the Court finds that Plaintiff has failed to allege sufficiently why injunctive relief is necessary at this juncture and whether a state foreclosure action is currently pending. As an example, the Court notes that Plaintiff has alleged that "defendant has scheduled the above referenced [foreclosure] sale for Wednesday, June 9, 2010." (Doc. # 3 at 2.) However, at the same time, Plaintiff asks the Court to enter a preliminary injunction because "plaintiff [sic] **will** suffer immediate and irreparable injury,

loss, or damage if the order is not granted before defendant can be heard..." (*Id.*) (emphasis added).  Plaintiff filed the instant Motion twenty days **after** the supposed foreclosure sale.  Further, the Court notes that Plaintiff appears to have lifted the entirety of these pleadings from an entirely unrelated matter.  As an example, Plaintiff repeatedly refers to the opposing party as "Defendants," when, in fact, only one entity has been sued.  As another example, Plaintiff's papers are virtually identical in form and substance to papers filed five and eleven days earlier, respectively, by different plaintiffs in matters also pending before this Court.  *See* Case Nos. 10-cv-01488 and 10-cv-01440.  Those papers also seek the identical relief from a foreclosure sale occurring on the identical day, Wednesday, June 9.  (*See* Doc. # 2 at 2.)  Accordingly, the Court is uncertain as to whether a state foreclosure action was even initiated, or whether these are preemptive filings.

Clarification of these issues will assist the Court in determining whether the requested relief is warranted and whether the Court has jurisdiction to grant injunctive relief.  It is well-settled that a federal court should not interfere where:

> (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Chapman v. Okla.*, 472 F.3d 747, 749 (10th Cir. 2006) (discussing the *Younger* doctrine of abstention identified in *Younger v. Harris*, 401 U.S. 37 (1971)).  Based on Plaintiffs'

pleadings and motions, the Court is unable to determine whether it must abstain from considering the merits of the requested relief.

Accordingly, IT IS ORDERED THAT:

(1) Plaintiff's Petition (Motion) for Temporary Restraining Order (Doc. # 3) is DENIED;

(2) Plaintiff shall file an amended complaint and an amended motion for a preliminary injunction **by no later than Monday, July 26, 2010**. The amended complaint and motion shall clarify whether a foreclosure action was commenced in state court, identify the case number and the presiding court, and state the status of that action. If a state court has ordered a foreclosure sale, Plaintiff shall identify the date of the scheduled sale. Plaintiff shall also identify what attempts he has made to contest or appeal any state court decisions pertaining to foreclosure, what defenses, if any, he asserted, and why the state court was an inadequate forum to hear the claims he now asserts. Plaintiff shall serve a copy of the amended complaint and amended motion on Defendant; and

(3) Plaintiff shall serve Defendant JPMorgan Chase Bank, N.A. a copy of the amended complaint and amended motion, as well as a copy of the instant Order, pursuant to the procedures for service of process set forth in Rule 4(h)(1) of the Federal Rules of Civil Procedure.

DATED: July   13  , 2010

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge